# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH KOLPACK,<br><br>        Plaintiff,<br><br>    v.<br><br>JONI LENARD, et.al.,<br><br>        Defendants. | Case No.: 1:19-cv-00300-LJO-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S RESPONSE TO COURT'S MARCH 15, 2019 SCREENING ORDER<br><br>[ECF Nos. 10, 11] |

Plaintiff Noah Kolpack is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff declined Magistrate Judge jurisdiction on March 13, 2019; therefore, this action was assigned to Chief District Judge Lawrence J. O'Neill. (ECF Nos. 7, 8.)

Plaintiff filed the instant action on February 28, 2019, in the United States District Court in Sacramento. On March 5, 2019, the action was transferred to this Court.

On March 15, 2019, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims for relief, and granted Plaintiff thirty days to file an amended complaint, i.e. April 15, 2019. (ECF No. 9.)

///

///

///

1

On March 25, 2019, Plaintiff filed a lengthy response to the Court's screening order. (ECF Nos. 10, 11.) Plaintiff submits that he intended to file this action to toll the applicable statute of limitations because he does not have access to his medical files, and he seeks to re-file this action after he obtains access to his files. Plaintiff also requests that the Court send him a file-stamped copy of his complaint.

# I.

# DISCUSSION

### A. Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. California's equitable tolling statute applies to both prisoners and civil detainees. Id. Section 352.1 of the California Code of Civil procedure allows for the tolling of the statute of limitations during a period of "disability" while the plaintiff is in state prison, and the tolling may not exceed two years. Incarceration can toll the statute of limitations for a maximum of two years, unless the inmate-plaintiff is serving a life sentence without the possibility of parole. Cal. Civ. Proc. Code § 352.1 (tolling applies to prisoners sentenced to "a term less than for life"); Brooks v. Mercy Hosp., 1 Cal.App.5th 1, 6-7 (2016) (tolling provision construed "to mean that only those sentenced to life without the possibility of parole should be excluded from the tolling provision.")

///

2

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations-timely notice to the defendant of the plaintiff's claims-has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

To the extent Plaintiff is seeking a court order to allow tolling of the statute of limitations period for filing a section 1983 claim complaint, the Court cannot grant such relief. The statute of limitations cannot be tolled prior to actually filing a complaint. See Fed. R. Civ. P. 3; S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1292-93 (9th Cir. 2006) (for a statute of limitations computation "commencement" of an action in federal court occurs on the date of filing the complaint). In addition, Plaintiff is not entitled to tolling while a federal action is pending or dismissed. See O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006 (per curiam) ([i]n instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the [] limitations period.")[1]

**B.      Amendment of Complaint or Dismissal of the Action**

At this juncture, Plaintiff can file an amended complaint curing the deficiencies outlined in the Court's March 15, 2019 screening order, or if he no longer wishes to pursue this action he may file a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, and the deadline for doing so is **April 15, 2019**.

///
///
///

---

[1] The Court makes no finding, whatsoever, as to whether the claims presented in this action are timely.

As explained in the March 15, 2019 screening order, Plaintiff must demonstrate in any amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'" Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." Id. at 1078. In this action, no defendant has been served, and no answer or motion for summary judgment has been filed, and Plaintiff has the absolute right to dismiss the action.

### C. Copy of File-Stamped Complaint

The Court does not provide free copies of case documents to parties. The Clerk of Court charges $.50 per page for copies of documents. See 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk Office at this Court upon written request and prepayment of the copy fees. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without costs to an indigent plaintiff except by order of the judge. It is important that Plaintiff maintain copies of all documents related to the case because the Court is not inclined to grant such orders. Based on Plaintiff's contention that he mailed a pre-addressed stamped envelope at the time he filed this action in Sacramento, the Court will exercise its discretion and send Plaintiff a one-time courtesy copy of his file-stamped complaint.

///
///
///
///
///
///

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court is directed to send Plaintiff a courtesy copy of the file-stamped complaint (ECF No. 1);
2. On or before **April 15, 2019**, Plaintiff shall file an amended complaint or notice of voluntary dismiss pursuant to Federal Rule of Civil Procedure 41; and
3. Failure to comply with this order will result in a recommendation to dismiss the action for failure to comply with a court order and failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **March 28, 2019**

UNITED STATES MAGISTRATE JUDGE