1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  NOAH KOLPACK,                          )  Case No.: 1:19-cv-00300-LJO-SAB (PC)
                                           )
12            Plaintiff,                    )
                                           )  FINDINGS AND RECOMMENDATIONS
13       v.                                 )  RECOMMENDING DISMISSAL OF ACTION
                                           )  FOR FAILURE TO COMPLY WITH A COURT
14  JONI LENARD, et.al.,                    )  ORDER, AND FAILURE TO STATE A
                                           )  COGNIZABLE CLAIM FOR RELIEF
15            Defendants.                    )
                                           )  [ECF Nos. 9, 12]
16                                          )
                                           )
17  _____)

18        Plaintiff Noah Kolpack is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

19  1983.

20                                    **I.**

21                            **RELEVANT HISTORY**

22        On March 15, 2019, the Court screened Plaintiff's complaint, found that Plaintiff failed to state

23  any cognizable claims for relief, and granted Plaintiff thirty days to file an amended complaint, i.e.

24  April 15, 2019.  (ECF No. 9.)

25        On March 25, 2019, Plaintiff filed a lengthy response to the Court's screening order.  (ECF

26  Nos. 10, 11.)  Plaintiff submitted, in relevant part, that he intended to file this action to toll the

27  applicable statute of limitations because he does not have access to his medical files, and he seeks to

28  re-file this action after he obtains access to his files.

1

On March 28, 2019, the Court issued an order addressing Plaintiff's response to the screening order and advised Plaintiff that the Court could not toll the statute of limitations, and he could either file an amended complaint or request to voluntarily dismiss the action on or before April 15, 2019. The Court further advised Plaintiff that the failure to comply with the Court's order would result in a recommendation that the action be dismissed for failure to comply with a court order and failure to state a cognizable claim for relief. Plaintiff has failed to respond to the Court's order and the time to do so has expired.[1] As a result, there is no pleading on file which sets forth any claims upon which relief may be granted. Therefore, this action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a Court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to recommend dismiss of the action for failure to prosecute. Id. Plaintiff has failed to comply with the Court's order, affecting the use of the Court's resources and management of its docket. There is no pleading on file in this action which sets forth any claims upon which relief may be granted. Plaintiff has been warned of dismissal, to no avail, and as Plaintiff is proceeding in forma pauperis and has ceased litigating this action, no lesser sanctions are available. Accordingly, Plaintiff's failure to comply with the Court's order warrants dismissal of this action. In re

---

[1] In fact, on April 16, 2019, the Court's March 28, 2019, order was returned by the United States Postal Service as undeliverable with a notation that Plaintiff was not at Tuolumne County Jail.

Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226; Local Rule 110.

## II.

## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that the instant action be dismissed for Plaintiff's failure to comply with a court order and failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**April 25, 2019**__

UNITED STATES MAGISTRATE JUDGE