UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOAH KOLPACK,<br><br>    Plaintiff,<br><br>    v.<br><br>JONI LENARD, et.al.,<br><br>    Defendants. | Case No.: 1:19-cv-00300-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REOPEN THE CASE<br><br>[ECF No. 16] |

On May 20, 2019, the Court dismissed the instant action filed pursuant to 42 U.S.C. § 1983 for failure to comply with a court order and for failure to state a cognizable claim for relief. Judgment was entered this same date.

On July 1, 2019, Plaintiff filed a motion to reopen the case.

**I.**

**DISCUSSION**

Once judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993).

///

1

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986).

Pursuant to Federal Rule of Civil Procedure 60(b)(6), referred to as the catch-all provision, the Court may, upon motion, relieve a party from a final order or judgment. As the moving party, Plaintiff "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations and citation omitted). The "Rule is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations and citation omitted).

Here, Plaintiff contends that because he declined to consent to magistrate judge jurisdiction, it was improper for the magistrate judge to issue a ruling in the matter. Contrary to Plaintiff's position, Local Rule 302(c)(17) specifically refers all civil rights cases brought by prisoners, including all motions, to the Magistrate Judge and no specific order by the assigned District Court judge is required. Because the Magistrate Judge issued Findings and Recommendations, and not a final order dismissing Plaintiff's complaint, Plaintiff's consent was not required. The May 20, 2019 order adopting the Findings and Recommendations, signed by the undersigned, is the final order dismissing Plaintiff's action for failure to comply with a court order and for failure to state a cognizable claim for relief. Further, Plaintiff's disagreement with the Court's screening order and dismissal for failure to state a cognizable claim for relief does not present a basis to reconsider the final order and/or reopen the action. Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is reserved for extraordinary circumstances. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second change for parties who made deliberate choices). Therefore, Plaintiff's

mere disagreement with the Court's decision is not grounds for reconsideration. Accordingly, Plaintiff's motion to reconsider and reopen the case is DENIED.

IT IS SO ORDERED.

Dated: **July 6, 2019**                  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE